UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br>　　　　Plaintiff,<br>　　v.<br>KUMBAT,<br>　　　　Defendant. | Case No. 19-cv-05825-HSG<br>**ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that PBSP officer Kumbat violated his constitutional rights. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.　Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Complaint**

According to the complaint, on July 19, 2018, defendant Kumbat sexually harassed plaintiff when she tried to get him to show her his penis for her own personal sexual gratification. That same day, defendant Kumbat entered plaintiff's cell to conduct a personal property inventory pursuant to plaintiff's transfer to court for an unrelated case. As plaintiff was bagging his personal property, defendant Kumbat maliciously and sadistically committed sexual battery on plaintiff by hitting his genitals, causing plaintiff pain, distress, and annoyance. Afterwards, defendant Kumbat spread rumors on the main yard that plaintiff had touched defendant Kumbat's private parts with the intent to provoke others into violently attacking plaintiff. Dkt. No. 1 at 2-3.

A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *See Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing *Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted). Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm, *see Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc); *Women Prisoners of the District of Columbia Dep't of*

2

*Corrections v. District of Columbia*, 877 F. Supp. 634, 664-67 (D.D.C. 1994); however, not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation — the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of force, *see Hudson*, 503 U.S. at 9-10; *Watison v. Carter*, 668 F.3d 1108, 1112-14 (9th Cir. 2012) (no Eighth Amendment violation against officer who was alleged to have rubbed his thigh against plaintiff's thigh while plaintiff was on toilet and to have begun smiling before leaving cell laughing); *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (plaintiff must show more than de minimis injury), *cert. denied*, 513 U.S. 1114 (1995); *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (no Eighth Amendment violation where employees briefly touched inmate's buttocks with apparent intent to embarrass him, and touching was unaccompanied by any sexual comments or banter). Mere verbal sexual harassment does not necessarily amount to an Eighth Amendment violation. *Austin v. Williams*, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding summary judgment dismissal of Eighth Amendment claim where prison guard verbally sexually harassed prisoner and exposed himself to prisoner in elevated, glass-enclosed control booth for no more than 30-40 seconds and never physically touched prisoner). A prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. *See, e.g., Jordan*, 986 F.2d at 1525-31 (prison policy requiring male guards to conduct body searches on female prisoners violated Eighth Amendment). Liberally construed, plaintiff's allegation that defendant Kumbat hit his genitals states an Eighth Amendment claim under § 1983 for sexual harassment. However, plaintiff's allegation that defendant Kumbat tried to get him to show her his penis for her own personal sexual gratification does not state a cognizable Eighth Amendment claim. *Cf. Watison*, 668 F.3d at 1112-14 (noting that Ninth Circuit has declined to find Eighth Amendment violations involving more serious deprivations than the touching of an inmate's buttocks with apparent intent to embarrass, such as finding that Eighth Amendment did not prohibit female guards from performing visual body cavity searches on male inmates or watching male inmates shower, despite one inmate's allegation that guards pointed, joked, and "gawked" at him).

3

Liberally construed, plaintiff's allegation that defendant Kumbat deliberately spread a rumor that she had been sexually harassed by plaintiff states a cognizable claim for violation of the Eighth Amendment's prohibition on deliberate indifference to inmate safety. *Cf. Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody).

**C.     Motion to Submit Exhibits**

Plaintiff has submitted a motion to submit exhibits that he was unable to submit with his complaint, specifically certain prison grievances. Dkt. No. 6. Plaintiff's motion is DENIED as unnecessary. Plaintiff may file exhibits with the Court if he so chooses. However, filing evidence or exhibits with the Court, unattached to any motion, is greatly discouraged. First, the Court is not a depository for prematurely filed evidence. The time to support a claim with evidence is in support of, or in opposition to, a dispositive motion; or at trial. Second, filing evidence prematurely with the Court clutters the record.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1.     The Court DENIES plaintiff's motion to submit exhibits. Dkt. No. 6.

2.     The complaint states cognizable Eighth Amendment claims against defendant Kumbat as described above.

3.     The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (Dkt. No. 1), with all attachments thereto, and a copy of this order upon **defendant officer Kumbat at Pelican Bay State Prison, 5905 Lake Earl Drive, Crescent City CA 95531.**

4.     In order to expedite the resolution of this case, the Court orders as follows:

a.     No later than 91 days from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what

4

is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

        b.        Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.        Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    5.        Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does

---

[1] If defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

5

not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by plaintiff with the Court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once defendant is represented by counsel, all documents must be mailed to counsel rather than directly to defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This order terminates Dkt. No. 6.

**IT IS SO ORDERED.**

Dated: 1/2/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge